Filed 7/14/23  P. v. Cole CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B325953 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA076626) |
| v. | |
| LARRY WILLIAM COLE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Chet L. Taylor, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal; Larry William Cole, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Larry Cole appeals from an order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1] His appointed appellate counsel filed a brief raising no issues and asking this court to review the record independently to determine whether there are any arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Cole filed a supplemental brief raising issues outside the scope of an 1172.6 resentencing proceeding. Accordingly, we affirm the order.

## BACKGROUND

### I. Charges, Trial, and Direct Appeal

Cole was charged with the attempted murder of a police officer engaged in the performance of duty, and it was alleged he personally and intentionally discharged a firearm, acted willfully, deliberately and with premeditation, and committed the crime to benefit a criminal street gang. At trial, the prosecution's theory was that Cole was the sole shooter. The trial court did not instruct the jury on aiding and abetting or the natural and probable consequences doctrine.

The jury found Cole guilty of attempted murder and sustained the allegation that he personally used and discharged a firearm. (§§ 664/187, subd. (a), 12022.53, subds. (b) & (c).) The jury found not true the allegations that Cole committed the attempted murder to benefit a street gang and did so willfully, deliberately, and with premeditation. The trial court sentenced Cole to 46 years to life.

Cole appealed from the judgment of conviction, contending among other things that the trial court erred in denying his motion to dismiss or bifurcate trial on the gang allegation. In an

---

[1] Undesignated statutory references will be to the Penal Code.

unpublished opinion, we rejected this contention and affirmed the judgment. (*People v. Cole* (May 2, 2011, B222449) [nonpub. opn.].)

## II. Petition for Resentencing

On March 3, 2022, Cole, representing himself, filed a petition for resentencing under former section 1170.95 (now renumbered section 1172.6), which permits a person convicted of attempted murder under the natural and probable consequences doctrine to petition the court to have the conviction vacated and to be resentenced if the person could not presently be convicted of attempted murder due to changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(3).)

Using a preprinted form, Cole checked boxes corresponding to the statutory requirements for a facially sufficient petition for resentencing under former section 1170.95, subdivision (b) (and current section 1172.6, subd. (b)), and in doing so declared he was convicted under the natural and probable consequences doctrine. He also checked the box requesting appointment of counsel.

The trial court appointed counsel for Cole. The district attorney filed a response to the petition, arguing Cole could not make a prima facie showing of entitlement to relief under the statute because he was not prosecuted under a natural and probable consequences theory. The district attorney attached to the response our opinion in Cole's direct appeal of his conviction and the jury verdicts and instructions.

Cole, by his appointed counsel, filed a reply brief, arguing he made a prima facie showing of entitlement to relief under the statute because he filed a facially sufficient petition for resentencing that alleged he was prosecuted for attempted murder under the natural and probable consequences doctrine.

3

The reply brief did not reference the jury instructions attached to the district attorney's response.

On September 15, 2022, pursuant to section 1172.6, subdivision (c), the trial court held a hearing to determine whether Cole made a prima facie case for relief. After giving counsel for the parties an opportunity to present argument, the trial court denied the petition, finding Cole was ineligible for relief under section 1172.6 as a matter of law. The court explained, "This was a single-defendant case. The people did not proceed under a felony murder theory, nor did they proceed under a natural and probable consequences theory."

## III.  Present Appeal

Cole filed a timely notice of appeal from the order denying his petition for resentencing, and we appointed counsel for him. As noted, counsel filed a brief raising no issues and asking us to review the record independently to determine whether any arguable issues exist pursuant to *Delgadillo*. Counsel served a copy of the brief on Cole and informed him of his right to file a supplemental brief.

On May 5, 2023, we sent a letter to Cole, informing him that his counsel had filed a *Delgadillo* brief raising no issues and that he could submit a supplemental brief or letter stating any grounds for the appeal, or contentions or arguments he wanted this court to consider. We also informed Cole that if no supplemental brief or letter was timely filed we may dismiss the appeal as abandoned.

Cole filed a supplemental brief in which he mentions nothing about resentencing but requests leave to move for a new trial under section 1109 (trial on gang allegations must be

4

bifurcated upon request), which became effective on January 1, 2022.

## DISCUSSION

As relevant here, section 1172.6 allows a defendant convicted of murder to seek resentencing based on changes to the Penal Code effected under Senate Bill No. 1437 (2017-2018 Reg. Sess.; Stats. 2018, ch. 1015, § 4). (*People v. Patton* (2023) 89 Cal.App.5th 649, 655.) That bill "limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder." (*Ibid.*) The threshold question in a section 1172.6 proceeding, therefore, is whether the defendant was convicted under a theory of murder now invalid under Senate Bill No. 1437. The trial court concluded that Cole was not convicted under a felony murder or natural and probable consequences theory, or any theory based on imputed malice, and therefore was ineligible for resentencing. Cole does not contest the court's finding.

In *Delgadillo*, our Supreme Court held that when appointed counsel in a criminal matter "finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

Because this is an appeal from a denial of postconviction relief under former section 1170.95, we are not required to conduct an independent review of the record as we would be in a

5

direct appeal from a criminal conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.)

Here, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. However, Cole has filed a supplemental brief at our invitation.

In that brief, Cole requests leave to move for a new trial under section 1109. This issue has no relation to his petition for resentencing, however, and is therefore beyond the scope of this appeal. A section 1172.6 proceeding is not an opportunity to challenge all aspects of a conviction, only the aspects implicated by Senate Bill No. 1437. Having raised no arguments pertaining to Penal Code amendments under Senate Bill No. 1437, Cole's challenge necessarily fails.

## DISPOSITION

The order denying Cole's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          BENDIX, J.

6